# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME FREIGHT, INC.,<br><br>　　　　　Plaintiff,<br>　v.<br>SONIA L. FOSTER; THE FOSTER GROUP, INC.; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants, | Case No. 10cv00578 BTM (BLM)<br><br>**ORDER CONDITIONALLY GRANTING MOTION TO SET ASIDE DEFAULT** |

There are two motions currently pending before the Court. The first is Plaintiff's motion for default judgment against The Foster Group, Inc. ("Foster Group") (ECF No. 56). The other is Foster Group's motion to vacate the default entered against it and requesting leave to re-file its counterclaim (ECF No. 81). For the reasons below, the Court **GRANTS** Foster Group's motion to vacate the default and allow it to re-file its counterclaim **on the condition** that Foster Group pay Plaintiff reasonable attorney's fees commencing on December 28, 2011 relating to the default proceedings. The Court **DENIES without prejudice** Plaintiff's motion for default judgment.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case, but provides a brief overview of the procedural history as relevant here.

On April 24, 2012, after a hearing on the Court's March 15, 2012 order to show cause

that Defendant Sonia L. Foster failed to attend (see ECF Nos. 53 & 54), the Court entered default against Foster Group and dismissed its counterclaim without prejudice for failure to prosecute (see ECF No. 55). Plaintiff, Pacific Maritime Freight, Inc. ("Pacific Maritime"), filed a motion for default judgment against Foster Group on May 24, 2012 (ECF No. 56), which was taken under submission by the Court on July 13, 2012. Pacific Maritime also filed a motion for entry of default against Sonia Foster on June 6, 2012 (ECF No. 57), which was denied without prejudice on June 29, 2012 (ECF No. 60).

On October 24, 2012, pursuant to stipulation of the parties, Magistrate Judge Major entered an order stating that Foster Group could file a motion to set aside the default no later than December 6, 2012 if mediation was unsuccessful. Accordingly, on December 6, 2012, Foster Group filed the current motion to vacate the default, as well as seeking leave to re-file its counterclaim.

## II. DISCUSSION

Fed. R. Civ. P. 55(c) provides that a court may set aside an entry of default "for good cause shown." When considering a motion to set aside entry of default, courts may utilize the list of grounds for relief set forth in Fed. R. Civ. P. 60(b) for setting aside a default judgment. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). However, the Rule 60(b) grounds are to be liberally interpreted when used on a motion for relief from an entry of default. Id.

Factors to be considered when deciding whether to set aside an entry of default judgment include: (1) whether the defendant's "culpable conduct" led to the default; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant can present a meritorious defense to the claim. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). The court may deny relief based on any of the three factors. See Brandt v. Am. Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004)).

The Court will vacate the default on the grounds that Plaintiff Pacific Maritime would not be prejudiced. The lawsuit is still proceeding against Ms. Foster as an individual, and so the claims will be heard on their merits one way or another. Moreover, the Court has reservations in awarding the large sum requested by Plaintiff in its motion for default judgment without some hearing on the merits. Cf. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir.1986) (listing the factors courts should consider in deciding whether to grant default judgment, including the sum of money at stake and whether the case can be heard on the merits).

At the same time, the Court believes there has been bad faith on the part of the defendants. In its motion to vacate the default, Foster Group offers a declaration by Sonia Foster, the sole owner and president of Foster Group, stating that she had been unresponsive to the lawsuit because she had been suffering severe depression from her mother's death. Decl. of Sonia Foster (ECF No. 81-1) ¶¶6-16. While the Court is sympathetic to Ms. Foster's loss, it has doubts as to whether this can truly account for the entirety of Ms. Foster's erratic behavior.

Therefore, the Court **GRANTS** Defendant Foster Group's motion to vacate the default and reinstate its counterclaim, but **on the condition** that it pay Plaintiff reasonable attorney's fees, commencing on December 28, 2011 when Foster Group's counsel withdrew and Ms. Foster subsequently failed to obtain new counsel or provide contact information in violation of the Court's order. (See ECF Nos. 42, 55.) Cf. Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1110 n. 1 (9th Cir. 2011) (district court imposed conditions on setting aside default judgment including reimbursement of attorney's fees and travel expenses). These legal fees include time relating to the default, the motion for a default judgment, and responding to the motion to vacate the default. The Court further warns Defendants that it may enter judgment against them if they continue to act in bad faith.

//
//
//

## **CONCLUSION**

For the reasons discussed above, the Court **conditionally GRANTS** Foster Group's motion to set aside the default.  Within 14 days of the entry of this Order, Plaintiff shall submit its calculation of reasonable attorney's fees.  Defendant Foster Group will then have 14 days to respond.  If the Court is satisfied that the attorney's fees entered by Plaintiff are reasonable, it will order Foster Group to pay such fees.  If Foster Group fails to do so within the time allotted by the Court in its order, the default will be reinstated and default judgment entered against it.  Plaintiff's motion for default judgment is therefore **DENIED without prejudice**, with leave to renew if Foster Group fails to pay reasonable attorney's fees.

**IT IS SO ORDERED.**

DATED: March 26, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court