1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| PACIFIC MARITIME FREIGHT, INC., | Case No. 10cv00578 BTM (BLM) |
| Plaintiff, | **ORDER RE: ATTORNEY'S FEES** |
| v. | |
| SONIA L. FOSTER; THE FOSTER GROUP, INC.; DOES 1 through 10, inclusive, | |
| Defendants, | |

11

12

13

14

15

16

17         For the reasons below, the Court hereby **ORDERS** that Defendant The Foster Group,

18   Inc. ("Foster Group") pay Plaintiff Pacific Maritime Freight, Inc. ("Plaintiff" or "Pacific

19   Maritime") reasonable attorney's fees in the amount of $17,820, in accordance with the

20   Court's March 26, 2013 order (ECF No. 91).  If Foster Group fails to do so within twenty-one

21   (21) days, the default against it will be reinstated, and Pacific Maritime may renew its motion

22   for default judgment.

23   //

24   //

25   //

26   //

27   //

28   //

## I. <u>BACKGROUND</u>

On March 26, 2013, the Court granted Defendant Foster Group's motion to vacate the default and allow it to re-file its counterclaim, on the condition that Foster Group pay Plaintiff reasonable attorney's fees commencing on December 28, 2011 relating to the default proceedings (ECF No. 91).  Clinton Hubbard, Plaintiff's counsel, has submitted his calculation of reasonable attorney's fees (ECF No. 93), and Defendant Foster Group has submitted its response (ECF No. 94).  Plaintiff seeks $19,440 in legal fees (ECF No. 93 at 1), which Foster Group argues should be decreased to $11,460.00 (ECF No. 94 at 5). The Court finds that Plaintiff is entitled to $17,820 in legal fees.

## II. <u>DISCUSSION</u>

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  Hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees.  <u>Id.</u> at 434.

Plaintiff seeks fees based on an hourly rate of $240, which Defendant does not challenge, and the Court finds this rate to be reasonable.  Foster Group does, however, object to many of the time entries as excessive.

First, Foster Group argues that the 5.0 hours billed on January 10, 2012 for services related to serving the Court's order on Defendant Sonia Foster and preparing the proof of service is excessive.  In a typical case, the Court might agree.  However, Ms. Foster time and again has proven elusive to locate, to the point of refusing to provide her contact information to the Court.  As to Foster Group's contention that Stephen Frailey and not Mr. Hubbard coordinated the service because Mr. Frailey mentioned in passing in his declaration that "[p]er my instruction," someone from his office served Ms. Foster, Decl. of Stephen Frailey (ECF No. 85-1) ¶ 4, the Court finds this unpersuasive.  The Court is convinced that coordinating the service on Ms. Foster went well beyond Mr. Frailey's act of telling someone to physically hand Ms. Foster the order.

Second, Foster Group objects to the time billed for preparing and attending status conferences on February 21, 2012 (3.5 hours), March 7, 2013 (2.25 hours), April 11, 2012 (3.5 hours) before this Court as excessive.  However, the Court does not find the time billed excessive when compared to similar proceedings before the Court, especially since all three entries also include other tasks, such as drafting a memo and discussing the results of the hearing with his client.

Next, Foster Group argues that the 4.25 hours billed on May 14, 2012 is excessive because the work was merely "administrative."  According to the time entry, Mr. Hubbard talked to a clerk regarding procedure given Ms. Foster's unavailability, he reviewed the order and rules to make sure that his client's rights were properly preserved, reviewed a location report regarding Ms. Foster, and performed other sundry tasks.  The Court finds these tasks to be well within Mr. Hubbard's purview as Plaintiff's counsel, nor is it an excessive amount of time spent for the tasks performed.

The next time entries Foster Group objects to is for May 23, 2012 (9.0 hours) and May 24, 2013 (5.25 hours), for services related to preparing the motion for default judgment. Foster Group argues that 14.25 hours for preparing the motion for default judgment is excessive.  After re-reviewing Plaintiff's motion for default judgment and the associated declarations (ECF No. 56), the Court agrees that 14.25 hours may be slightly excessive, especially where the timesheet does not describe the tasks performed with more specificity. Therefore, the Court reduces the time to 11.0 hours.

Next, Foster Group argues that the 4.0 hours billed on June 6, 2012 for "reviewing the pretrial conference and other scheduling" and drafting and filing the request for entry of default is excessive.  The Court agrees and reduces the time to 3.0 hours.  While the request for entry of default (ECF No. 57) was thorough and fact-specific, no legal research was required, as demonstrated by the lack of case citations, and rescheduling pretrial dates and updating the case file could not have taken more than an hour.

The next time entry Foster Group objects to is the 6.0 hours billed on June 26, 2012, where Mr. Hubbard notes that he attended the Trial Readiness Conference hearing, returned

a second time to serve discovery on Ms. Foster in court, reviewed the Court's minute order, wrote a memo to the Judge's law clerk regarding a modification, drafted a status memo to his client, e-mailed attorney R. Brown, and started preparing a subpoena for documents. Foster Group argues that Mr. Hubbard's appearance at the hearing and his returning to the courthouse to serve discovery on Ms. Foster are not encompassed within the attorney's fees allowed for by the Court in its March 26, 2013 order (ECF No. 91).

The Court disagrees.  While the Court stated in its order that the legal fees were to "include" the time relating to the default and default judgment, it made clear that Foster Group was responsible for Plaintiff's attorney's fees "commencing on December 28, 2011," when Foster Group's counsel withdrew and Ms. Foster refused to cooperate with the Court. (Id. at 3.)  The reason the Court ordered Defendants to pay Plaintiff's attorney's fees in the first place is because Defendants acted in bad faith, including by failing to provide contact information, which would have allowed Plaintiff to serve discovery without having to come to court to do so.  Given the tasks performed by Mr. Hubbard, 6.0 hours is not excessive.

Finally, Foster Group objects to the time billed on January 28, 2013 (2.0 hours), January 31, 2013 (8.0 hours), February 1, 2013 (8.0 hours), and February 11, 2013 (4.5 hours), for services related to preparing Plaintiff's opposition to Foster Group's motion to set aside the default (ECF No. 85).  Foster Group argues that the 22.5 hours is excessive because "[t]here was no significant caselaw being researched and argued and no significant facts that were being developed by Mr. Hubbard." (ECF No. 94 at 5.)  The Court notes that Plaintiff's opposition included an extensive discussion and analysis of numerous cases, as well as a detailed presentation of factual allegations.  However, the Court finds that 20 hours is the reasonable amount of time for this task.

The Court finds that Plaintiff is entitled to $17,820 in legal fees.  Foster Group is hereby **ORDERED** to pay such fees to Plaintiff within twenty-one (21) days of the date of this order.

//

//

## CONCLUSION

For the reasons discussed above, the Court finds that the attorney's fees requested by Plaintiff are reasonable, with the exception of 6.75 hours as noted above.  Foster Group is hereby **ORDERED** to pay Plaintiff attorney's fees in the amount of $17,820.  If Foster Group fails to do so within twenty-one (21) days of the date of this order, the default will be reinstated and default judgment may be entered against it.

**IT IS SO ORDERED.**

DATED:  May 29, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court