UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME FREIGHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONIA L. FOSTER, et al., <br><br> Defendants. | Case No. 10cv578-BTM (BLM) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S REQUEST FOR SANCTIONS** <br><br> **[ECF No. 104]** |

On November 15, 2013, counsel for Defendants contacted the Court regarding a discovery dispute concerning depositions set to take place on November 21st and 22nd 2013. ECF No. 102. In regard to this dispute, the Court found it appropriate to order Defendants to file their motion for a protective order on or before 12:00 p.m. on November 18, 2013 and Plaintiff to file its opposition on or before 8:00 p.m. on November 18, 2013. ECF No. 103. Defendants and Plaintiff timely filed their motion and opposition and after a review of the pleadings, the Court **DENIES** Defendants' motion for a protective order and **GRANTS** Plaintiff's request for sanctions.

### DEFENDANTS' POSITION

In their motion for a protective order, Defendants seek to have the Court enter a protective order to prevent two out of state third party witness depositions from taking place on November 21st and 22nd and to continue the deadline to complete discovery. ECF No. 104-1 at 1-2. In support, Defendants argue that the depositions "conflict with prior commitments

Defendants' counsel has on other matters, and he will not be able to attend" and that "a conflict has recently arisen between Defendants' counsel, Negele & Associates, and Defendants such that Negele & Associates will be filing a separate motion to withdraw as counsel for Defendants, and Defendants will need sufficient time to find new counsel to be represented at the Bishop/Gross Depositions." Id. at 2; see also ECF No. 104-2 ("Negele Decl.") at 4-5. Specifically, Defendants state that Plaintiff's counsel violated an agreement "to clear available dates on each other's calendars before setting out of state depositions" and indicate that they did not receive appropriate notice for the depositions as they were "served amended notice of th[e] depositions on November 12, 2013." ECF No. 104-1 at 2-3; see also Negele Decl. at 3.

## PLAINTIFF'S POSITION

In its opposition, Plaintiff contends that the testimony sought from the depositions is critical and needed "in support of an immediate motion to terminate the counter-claim on the dual grounds of (1) spoliation of evidence, and (2) fundamental fraud on the Court." ECF No. 108 at 2. Plaintiff further contends that Defendants have not established good cause for a protective order and notes that (1) there was never an agreement between counsel requiring pre-approval of deposition dates, (2) defense counsel has not shown that it is "impossible" for him or Defendant Sonia Foster to appear at the depositions, and (3) any "'conflict' is not one of communication. Rather, it derives from Defendant Foster's now-revealed perjurious statements to this Court about the claimed death of her mother, made in sworn declaration to this court by both Foster and Attorney Negele." Id. at 3. Plaintiff notes that Defendants received notice of the depositions on November 4, 2013 and did not object to those depositions until November 13, 2013 and that Defendant Foster has a history of bad faith conduct that should not be permitted to continue. Id. at 6-7. Plaintiff requests that the Court allow it to "recover its costs, including its reasonable attorneys' fees in opposing this Motion." Id. at 8.

## DISCUSSION

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense." Federal Rule of Civil Procedure ("FRCP") 26(c)(1).  Here, Defendants have failed to demonstrate good cause in support of a protective order.  First, Defendant have failed to cite any law in support of their position that they did not receive proper notice of the depositions. Under FRCP 30(b)(1) "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition and, if known, the deponent's name and address."  A number of cases have found ten days notice reasonable for a deposition without production of documents. <u>Barbin v. MV Transp., Inc.</u>, 2012 WL 3150051, *2 (E.D. Cal. Aug. 1, 2012) (citing <u>Paige v. Consumer Programs, Inc.</u>, 248 F.R.D. 272, 275 (C.D. Cal. 2008) and <u>In re Sulfuric Acid Antitrust Litig.</u>, 231 F.R.D. 320, 327 (N.D. Ill. 2005)).  Here, Defendants received notice of the November 21st and 22nd depositions on November 4, 2013.  ECF No. 108-2 ("Ritterbeck Decl.") at 2; <u>see</u> also ECF No. 108-2, Exhs. A & B. The notices stated that Donna Bishop would be deposed on November 22, 2013 and Janice Gross would be deposed on November 21, 2013.  <u>Id.</u>  That means that Defendant was given seventeen and eighteen days notice of the depositions which is more than reasonable.[1]  After learning about a scheduling conflict for Ms. Bishop, Plaintiff switched Ms. Bishop's deposition to November 21, 2013 and Ms. Gross's to November 22, 2013. Ritterbeck Decl. at 2-3.  Accordingly, Plaintiff issued amended notices of the deposition and served those on Defendants on November 12, 2013.  <u>Id.</u>; <u>see</u> <u>also</u> ECF No. 108-2, Exhs. D & E.  Defendants cite no law in support of the idea that simply switching the depositions reset the clock on reasonable notice, and, even if they had, Defendants still had nine and ten days notice which, given the circumstances of this case, constitutes reasonable notice.[2]  Also, since defense counsel was aware of the depositions as early as November 4, 2013, he should have been aware of his conflicting "prior commitments"  and attempted to resolve them or seek the Court's assistance before the eleventh hour.  Raising the issue for the first time on November 13, 2013, does not

---

[1] The Notices also properly contained the time and places of the deposition along with the names and addresses of the deponents.  <u>See</u> ECF No. 108-2, Exhs. A & B.

[2] Commonly, courts find that notice of at least five days is sufficient for a party's deposition. <u>Gamoa v. King County</u>, 2008 WL 509324, *1 (W.D. Wah. Feb. 22, 2008) (citing <u>Paige v. Commissioner</u>, 248 F.R.D. 272, 275 (C.D. Cal.) (finding that fourteen days' notice was reasonable) and <u>Jones v. United States</u>, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (holding that eight days' notice was reasonable)).

support Defendants' argument for good cause.

Second, Defendants have failed to provide any details regarding Defendant Foster's and defense counsel Negele's alleged conflicts with the noticed depositions. ECF Nos. 104-1 & 104-2. Counsel simply states that the dates conflict with his calendar, he "cannot move his existing commitments and it is impossible for him to attend those depositions," and the "dates were not convenient for [his] schedule, nor [Defendant] Foster's schedule." Id. Counsel's failure to provide any explanation or description of the alleged conflicts and of his efforts to resolve the conflicts without moving the properly noticed depositions prevents this Court from evaluating the validity of the alleged conflicts. When this lack of detail is coupled with counsel's lengthy delay in objecting to the depositions, the Court finds that Defendants have not established good cause justifying the requested protective order.

Next, while defense counsel has filed a motion for leave to withdraw as counsel of record [ECF No. 106] that is set to be heard on January 10, 2013, he has failed to adequately explain how or why this constitutes good cause for a protective order stopping the scheduled depositions. Instead, counsel merely states a conflict has recently arisen between his law firm and Defendants and that there has been "a complete breakdown of communications between [his] office and [Defendants]" that is so severe he is unable to continue his representation. ECF No. 104-1 at 2; see also ECF No. 104-2 at 5-6. Defense counsel fails to provide any law or factual basis supporting his position that he cannot appear and defend Defendants' interest at the upcoming depositions. Counsel and his law firm are the attorneys of record unless and until the pending motion to withdraw is granted and as such, must continue to satisfy their obligation as counsel. While there may be a conflict between counsel and Defendants[3], defense counsel has not identified any ethical obligation or professional rule of conduct which would prohibit him from participating in the scheduled depositions.

---

[3]From the details provided by Plaintiff [ECF No. 108 at 4-5], it appears that the conflict arises from the fact that Defendant Sonia Foster filed a declaration in this case stating that her mother was diagnosed with cancer and then died. [id. at 5] and the noticed depositions include the deposition of Ms. Foster's mother. Given the unique history of this case, the Court finds that this conflict does not justify the continuance of these two depositions.

Finally, the deponents at issue are critical witnesses whose testimony has the potential to greatly impact the course of this litigation. From the declarations provided by Plaintiff's counsel, it appears as though that impact will be negative for Defendants. In light of that, this motion appears to be another attempt by Defendants to avoid discovery and delay the progress of the case which has been pending for three years, eight months and two days.[4] Discovery is set to close in this matter on December 20, 2013 and Defendants have requested that it be continued until Defendants secure new counsel. ECF Nos. 101 at 3, 104-1 at 1 & 104-2 at 6. Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 21 at 7 (stating that dates "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id. Here, the Court has stayed or continued various discovery deadlines in the case on at least seven different occasions. See ECF Nos. 24, 26, 30, 33, 78, 98, & 101. While the Court understands there is a conflict between defense counsel and Defendants, an additional continuance of the discovery deadline at this time would greatly prejudice Plaintiff and Defendants have not established good cause and reasonable diligence justifying essentially a stay of discovery pending the resolution of the motion to withdraw. If the District Judge grants Defendants' motion to withdraw as counsel, the Court will entertain a new motion to extend discovery. Accordingly, Defendants' current request to continue the discovery deadline until Defendants obtain new counsel is **DENIED**.

Plaintiff requests that it be permitted to "recover its costs, including its reasonable

---

[4]The complaint in the case was filed on March 18, 2010. See ECF No. 1.

attorneys' fees, in opposing this Motion" pursuant to FRCP 26(c)(3) and 37(a)(5)(B). ECF No. 108 at 8. In accordance with FRCP 37(a)(5)(B), if a motion for a protective order is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was substantially justified or other circumstances make an award of expenses unjust. Given that the deposition notices were served within a reasonable amount of time and that defense counsel failed to raise the issue of a scheduling conflict with opposing counsel until November 13, 2013 [Ritterbeck Decl. at 4], or the Court until November 15, 2013 [ECF No. 103], Defendants' motion was not substantially justified. Accordingly, Plaintiff's request for payment of expenses is **GRANTED**. Plaintiff's counsel must submit a declaration detailing the costs and attorney's fees it incurred in opposing the motion on or before **December 11, 2013**. Defendants may file a response to the declaration on or before **December 18, 2013**.

**IT IS SO ORDERED.**

DATED: November 20, 2013

BARBARA L. MAJOR
United States Magistrate Judge